No. 7298.

### W. P. O'HERN vs. HIBERNIA INS. CO.

Where a tax sale has been made of mortgaged property, and the mortgagee within six months from the sale tenders to the purchaser the sum paid by him with additional percentage thereon allowed by law, the purchaser is bound to receive it.

If in case of refusal, the mortgagee forecloses and the purchaser injoins, his injunction will not only be dissolved, but he will be mulcted in damages.

The damages thus inflicted cannot exceed twenty per centum, and therefore where the debt bears eight per centum per annum interest, the damages cannot exceed twelve per centum.

APPEAL from the Fifth District Court of New Orleans. ROGERS, J.

*Upton* for Plaintiff Appellant. *Gilmore & Sons* for Defendant.

Catherine Daly owned an improved lot, and mortgaged it to the defendant to secure a loan. The lot was assessed in the name of

Micaud vs. Johnson.

John Daly, her husband, and was sold by the collector for non-payment of taxes, and was bought by O'Hern, the plaintiff. Within six months from this sale, the defendant tendered the plaintiff what he had paid and such other sum as the statutes then allowed, and demanded to redeem the property. He was refused. The defendant took out executory process, and the plaintiff injoined the sale. His injunction was dissolved with twenty per centum damages.

After stating the case,

DE BLANC, J. This case differs from Lannes v. Work. Bank. The sale of Catherine Daly's property as the property of her husband was null, but besides that, the insurance company, that held a mortgage upon it, offered to redeem it within six months. As the rate of interest which the debt bears is eight per cent, not more than twelve per cent can be allowed as damages in the absence of proof that a greater damage has been suffered. 15 A. 183.

*Judgment amended accordingly.*

MARR, J., dissents from the infliction of damages on the ground that damages can be awarded upon the dissolution of a money judgment alone, saying "in my opinion an order of seizure and sale is not a money judgment, and damages cannot be awarded on dissolving an injunction arresting such sale. My views have been stated at length in Landry v. Victor, 30 An. 1044."